[No. 1207.   Decided July 11, 1894.]

ALEXANDER C. GOFF, *Respondent*, v. PACIFIC COAST STEAMSHIP COMPANY, *Appellant*.

ACTION FOR BREACH OF CONTRACT — SUFFICIENCY OF EVIDENCE.

In an action against a steamship company for damages for a violation of a contract to furnish one of its steamers for an excursion, a verdict in favor of plaintiff is unwarranted when it appears from the evidence that it was understood between the parties that if the steamship was to be made use of for excursion purposes it would be necessary for the company to have knowledge of the fact on the morning of its arrival in port on a certain day, and such assurances of the fulfillment of the contract on the part of the plaintiff as would authorize the incurring of expense and making preparations for such use of the steamer; that, in view of such circum-

stances, a written memorandum of agreement between the parties, stipulating that plaintiff should pay $500 of the charter price "on the morning of August 15, 1892, and $500 on August 18, 1892, before sailing of steamer," made time of the essence of the contract; and that there was no proof of a tender of such sum, at any time during the forenoon of August 15, 1892, nor of any act of the defendant excusing it.

*Appeal from Superior Court, King County.*

*Andrew F. Burleigh*, for appellant.

*F. B. Tipton*, for respondent.

The opinion of the court was delivered by

HOYT, J.—This action was brought to recover damages for the violation of an oral contract by which it was claimed that the appellant had agreed to furnish one of its steamships to the respondent for the purpose of allowing him to conduct an excursion to Flattery Rocks and return.   The testimony of both the appellant and the respondent agreed as to the fact that while the negotiations were pending between them a memorandum in writing was made setting forth the conditions of the agreement.   This memorandum was not signed, but was identified and introduced in evidence by the appellant without objection on the part of the respondent.   It was in the following language:

SEATTLE, August 3, 1892.

"In consideration of payments, as hereinafter stated, the Pacific Coast Steamship Company hereby agrees to charter steamship City of Puebla to Mr. A. C. Goff for an excursion from Seattle to Flattery Rocks and return on August 18, 1892.

"In case of fog or heavy weather, steamer shall not be required to go further than Captain Debney deems expedient and safe.   A. C. Goff shall pay to the Pacific Coast Steamship Company the sum of five hundred dollars ($500) on the morning of August 15, 1892, and $500 (five hundred dollars) on August 18, 1892, before sailing of steamer.

"This rate shall cover use of ship and berths only, and does not include meal or liquor privileges.

"A. C. Goff shall charge for round trip excursion two dollars per ticket, and for cabin berths one dollar each."

The testimony on the part of the appellant went fully to the extent of showing that this memorandum entirely covered the agreement which was to be entered into between the steamship company and the respondent; and the testimony on the part of the respondent, while in form in some instances tending to establish that such was not the fact, was in our opinion in full confirmation of that upon the part of the appellant. It further appeared from uncontradicted testimony that at the time the negotiations were had and this memorandum made, it was understood between the parties that if the steamship was to be made use of for the purposes of the excursion, it would be necessary that the company should have knowledge of that fact and such assurances of the fulfillment of the contract on the part of the respondent as would authorize it to incur large expense, by way of making preparations for having the steamer so used, as soon as the steamer should reach Seattle on the morning of August 15, 1892. The company was not willing to incur this expense until it had satisfactory assurance on the part of the respondent of his ability and intention to carry out the stipulations of the contract on his behalf; that it was for these reasons that the agreement was made that the $500 should be paid on the morning of the 15th.

These facts aid us in the interpretation of the memorandum above referred to, and especially of the provision therein that the first $500 should be paid on the *morning* of August 15. It is unusual in the making of a contract to fix more definitely the time at which either of the parties is to do any act required than that it shall be done on a certain day named; and the fact that the parties to this

contract saw fit to stipulate that this payment should be made on the morning of the 15th, instead of on the 15th generally, is in itself significant and would, perhaps, even if unaided by surrounding circumstances, have required that it should be construed as having made time of the essence of the contract, and that that time should be confined to the morning of the 15th.

But whether or not this would be the construction of the contract unaided by surrounding circumstances, it is clear to our minds that such should be its construction when so aided.     As above suggested, there was an attempt on the part of the respondent to deny that this memorandum expressed the terms of the agreement, but he nowhere in direct terms testifies to a different one, and substantially admits that this writing was made for the purpose of expressing the agreement; and that it was satisfactory to him; and nowhere does he state any fact which tends in any manner to show that there was any conversation after the making of said memorandum which in any manner changed the relations of the parties in regard to the subject matter of the contract.

Such being the fact, and the testimony of the appellant being direct and positive that the memorandum expressed fully the terms of the agreement to be entered into between the parties, there was in our opinion no evidence to justify the jury in finding to the contrary.     It was their plain duty to have found from the testimony that the terms of the contract were expressed in the memorandum, and that the clause in relation to the time of payment of the first $500 required that it should be made on the morning of the 15th of August as a condition precedent to the boat's being prepared and furnished by the appellant for the use of the respondent.     The undisputed facts show that there was no tender, or any act of the appellant which would excuse its having been made, any time during the forenoon

of said 15th of August.    From which it must follow that there should have been a verdict for the appellant instead of for the respondent.

The judgment will be reversed, and the cause remanded for a new trial.

DUNBAR, C. J., and SCOTT, STILES and ANDERS, JJ., concur.